## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In Re:  KA AND KM DEVELOPMENT, INC.,

    Debtor

_____/

PETER JONES, ANGELA JONES, IAN JONES,
and ANN JONES,

      Plaintiffs

v.

KA AND KM DEVELOPMENT, INC., TITLECONCEPTS, LLC,
SUNTRUST BANK, VINOD KALIDAS, NIRMAKSEE KALIDAS,
and ARTI V. KALIDAS,

      Defendants.

_____/

CASE NO.:  6:09-bk-06245-KSJ

Chapter 11

Adv. Proc. No. 6:09-ap-000927-KSJ

### THIRD AMENDED COMPLAINT

      Plaintiffs, PETER JONES, ANGELA JONES, IAN JONES, ANN JONES,

DAVID HOPKINSON, KATHARINE HOPKINSON, VICTOR ADEKOYA, PAT

ADEKOYA and CATHERINE DILLON (collectively "Plaintiffs"), by and through their

undersigned counsel, file this amended complaint against the defendants, KA AND KM

DEVELOPMENT, INC. also known as KA & KM DEVELOPMENT, INC. ("KAKM"),

TITLECONCEPTS, LLC, SUNTRUST BANK, VINOD KALIDAS, NIRMAKSEE

KALIDAS, and ARTI V. KALIDAS (all collectively hereinafter "Defendants") and for

their third amended complaint allege and aver the following:

## JURISDICTION, VENUE AND PARTIES

1.      This Court has jurisdiction over the subject matter of this amended complaint pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 because this is a core proceeding.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Plaintiffs are individuals who entered into contracts for the purchase of condominium units from the debtor defendant, KAKM, and are sui juris.

4.      Defendant KAKM is a Florida for Profit Corporation formed under the laws of the State of Florida having its principal place of business in Orlando, Orange County, Florida, is a developer and seller of condominium properties located in Florida, and is the debtor in the chapter 11 bankruptcy proceeding.

5.      Defendant TITLECONCEPTS, LLC ("TitleConcepts"), is a Florida Limited Liability Company formed under the laws of the State of Florida, having its principal place of business in Orlando, Orange County, Florida.

6.      Defendant SUNTRUST BANK ("SunTrust") is a corporation formed under the laws of the State of Georgia, authorized to transact business in the State of Florida and maintains offices in Orlando, Orange County, Florida.

7.      Defendant VINOD KALIDAS is an individual who resides in Orange County, Florida, at all relevant times was the President and a Director of KAKM, actively solicited and communicated with the Plaintiffs, and is sui juris.

8.      Defendant NIRMAKSEE KALIDAS is an individual who resides in Orange County, Florida, at all relevant times was the Treasurer and a Director of KAKM

and is sui juris.

9.    Defendant ARTI V. KALIDAS is an individual who resides in Orange

County, Florida, at all relevant times was the Secretary and a Director of KAKM,

actively solicited and communicated with the Plaintiffs, and is sui juris.

## General Allegations

10.    KAKM filed a chapter 11 petition for bankruptcy in this Court on May 6,

2009 (the "Petition Date").

11.    The Plaintiffs timely filed their respective Proof of Claim.

12.    KAKM has stated that it will object to each Proof of Claim.

## Factual Allegations

13.    On or about March 29, 2007, plaintiffs PETER JONES and ANGELA

JONES ("Peter Jones") executed the Contract for Purchase and Sale ("Peter Jones

Contract"), a copy of which is attached hereto as Exhibit 1.

14.    Pursuant to the Peter Jones Contract, on or about April 12, 2007, Peter

Jones paid deposits of $135,300.00 to TitleConcepts, LLC, to hold in escrow for the

purchase of unit 309 (the "Peter Jones Unit") of the Defendant's Villas at Lake Eve, a

Condominium development.

15.     On or about February 6, 2007, plaintiffs IAN JONES and ANN JONES

("Ian Jones") executed the Contract for Purchase and Sale ("Ian Jones Contract"),

because Ian Jones did not keep or receive back a copy of the original Contract for

Purchase and Sale, attached hereto as Exhibit 2 is a true and correct copy of the Contract

for Purchase and Sale that was executed by Ian Jones with a purchase price of

$451,000.00, a 30 percent deposit requirement, and other pertinent information as set forth in paragraph 16 below.

16.     Pursuant to the Ian Jones Contract, on or about February 23, 2007, Ian Jones paid deposits of $135,417.40 to TitleConcepts, LLC, to hold in escrow for the purchase of unit 712 (the "Ian Jones Unit") of the Defendant's Villas at Lake Eve, a Condominium development.

17.     On or about April 22, 2007, plaintiffs DAVID HOPKINSON and KATHARINE HOPKINSON ("Hopkinson") executed the Contract for Purchase and Sale ("Hopkinson Contract"), a copy of which is attached hereto as Exhibit 3.

18.     Pursuant to the Hopkinson Contract, on or about May 1, 2007, Hopkinson paid deposits of $135,314.80 to TitleConcepts, LLC, to hold in escrow for the purchase of unit 505 (the "Hopkinson Unit") of the Defendant's Villas at Lake Eve, a Condominium development.

19.     On or about April 24, 2007, plaintiffs VICTOR ADEKOYA and PAT ADEKOYA ("Adekoya") executed the Contract for Purchase and Sale ("Adekoya Contract"), because Adekoya did not keep or receive back a copy of the original Contract for Purchase and Sale, attached hereto as Exhibit 2 is a true and correct copy of the Contract for Purchase and Sale that was executed by Adekoya with a purchase price of $451,000.00, a 30 percent deposit requirement, and other pertinent information as set forth in paragraph 20 below.

20.     Pursuant to the Adekoya Contract, on or about May 7, 2007, Adekoya paid deposits of $135,234.45 to TitleConcepts, LLC, to hold in escrow for the purchase of unit

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

911 (the "Adekoya Unit") of the Defendant's Villas at Lake Eve, a Condominium development.

21.    On or about February 2, 2007, plaintiff CATHERINE DILLON ("Dillon") executed the Contract for Purchase and Sale ("Dillon Contract"), a copy of which is attached hereto as Exhibit 4.

22.    Pursuant to the Dillon Contract, on or about March 21, 2007, Dillon paid deposits of $94,652.00 to TitleConcepts, LLC, to hold in escrow for the purchase of unit 704 (the "Dillon Unit") of the Defendant's Villas at Lake Eve, a Condominium development.

23.    On January 26, 2009, a certificate of occupancy was issued covering the Units.

24.    KAKM made use of means or instruments of transportation or communications in interstate commerce, or of the mails, in connection with the sale of the Units by utilizing telephone lines, the internet and the mails in communication with the Plaintiffs.

25.    The undersigned law firm has been retained by the Plaintiffs to represent them in this action and the Plaintiffs have agreed to pay the undersigned law firm a reasonable fee for its services and to reimburse the undersigned law firm for all costs advanced in connection with this action.

26.    All conditions precedent to the filing of this action have been performed, waived or otherwise satisfied.

## <u>COUNT I – VIOLATION OF 15 U.S.C. §§ 1701-1720</u>

27.     Paragraphs 1 through 26 are realleged as though fully set forth herein.

28.     KAKM is a developer as defined by 15 U.S.C. § 1701(5) of the Interstate Land Sales Full Disclosure Act (the "ILSFDA").

29.     Plaintiffs are purchasers as defined by 15 U.S.C. § 1701(10).

30.     Pursuant to 15 U.S.C. § 1702, 24 C.F.R. 1710.1(b), and 61 Fed. Reg. 13,602, ILSFDA applies to the sale of lots, including those in residential, commercial, condominium, or industrial buildings.

31.     The Condominium Contracts for Purchase and Sale characterize each Unit as a condominium. See preamble and sections 1, 3, 4, 5, 6, etc. of each Contract for Purchase and Sale.

32.     ILSFDA applies to the sale of the Units.

33.     Pursuant to 15 U.S.C. § 1703, a developer is prohibited from making use of any means or instruments of transportation or communications in interstate commerce, or of the mails, in connection with the sale of any real property unless a printed property report meeting the requirements of Section 1707 is furnished to a purchaser in advance of the signing of any contract or agreement for sale by the purchaser.

34.     Pursuant to 15 U.S.C. § 1702(a)(2), the provisions of ILSFDA shall not apply to the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such building thereon within a period of two years.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

35.    KAKM failed to furnish a property report to the Plaintiffs as required by 15 U.S.C. § 1703.

36.    KAKM elected not to furnish the property report to the Plaintiffs as required by 15 U.S.C. § 1703 and instead apparently elected to rely upon an exemption provided for under 15 U.S.C. § 1702.

37.    ILSFDA is intended to protect the public and, pursuant to Florida Supreme Court law, should be liberally construed in favor of the public.

38.    KAKM failed to provide in the Contracts for Purchase and Sale an unconditional commitment to the Plaintiffs to complete construction within two years.

39.    KAKM has violated 15 U.S.C. § 1703 by failing to furnish a property report to the Plaintiffs, by failing to provide in the Contracts for Purchase and Sale an unconditional commitment to the Plaintiffs to complete construction of the Units within two years, by limiting the Plaintiffs' remedies in the event of KAKM's breach, and by failing to otherwise comply with ILSFDA.

40.    ILSFDA, 15 U.S.C. § 1703(c) - (e), provides that if the property report is not furnished to the purchaser prior to the purchaser signing any contract or agreement for sale for the property at issue, the purchaser, at his or her option, may revoke the contract and shall be entitled to all money paid under the contract, including any and all deposits paid.

41.    Plaintiffs have paid deposits totaling $635,918.65.

42.    Pursuant to 15 U.S.C. § 1709, Plaintiffs are entitled to reasonable attorneys fees, court costs, independent appraisers' fees and travel to and from the Units.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

**WHEREFORE,** Plaintiffs demand judgment against KAKM for revocation of the Contracts for Purchase and Sale, $635,918.65 plus other damages, together with attorneys fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT II – VIOLATION OF 15 U.S.C. § 77e - SECURITIES ACT OF 1933

43.      Paragraphs 1 through 26 and 94 through 117 are realleged as though fully set forth herein.

44.      The Contracts for Purchase and Sale are each a security as defined by 15 U.S.C. § 77b(a)(1) of the Securities Act of 1933 (the "Act").

45.      KAKM is a person as defined by 15 U.S.C. § 77b(a)(2) of the Act.

46.      Pursuant to 15 U.S.C. § 77e, unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise.

47.      KAKM has failed to file a registration statement as required by 15 U.S.C. § 77e.

48.      KAKM violated 15 U.S.C. § 77e by failing to file a registration statement.

49.      The Act, 15 U.S.C. § 77l, provides that if any person offers or sells a security in violation of section 77e of this title, the person shall be liable to the person purchasing the security for the consideration paid for such security with interest thereon.

50.      The Act, 15 U.S.C. § 77l, provides that if any person sells a security by means of a prospectus or oral communications, which includes an untrue statement of a

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

material fact or omits to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading, the person shall be liable to the person purchasing the security for the consideration paid for such security with interest thereon.

51.    Every person who controls any person liable under 15 U.S.C. § 77l shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable.

52.    Defendants VINOD KALIDAS, NIRMAKSEE KALIDAS, and ARTI V. KALIDAS are the sole officers and directors of KAKM and control KAKM.

53.    The Act, 15 U.S.C. § 77n, provides that any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of the Act shall be void.

54.    The Act is to be liberally construed in favor of protecting the investing public.

55.    Each Contract for Purchase and Sale is an investment contract as defined by the Act.

56.    Each Contract for Purchase and Sale requires the investment of money by the Plaintiffs.

57.    Each Contract for Purchase and Sale pertains to a common enterprise as it entails the purchase of one of 176 units to be used as part of a resort condominium hotel.

58.    Each Contract for Purchase and Sale contemplates the expectation of profits to be derived solely from the efforts of others.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

59.    In or around August 2008, the Defendant, for the first time, informed the

Plaintiffs that KAKM's position is that the Units are of a commercial investment nature

as part of a resort condominium hotel to be professionally managed by Sky Resort

Management, LLC, via a management agreement which would significantly restrict the

Plaintiffs' use rights.

60.    The Plaintiffs, and other purchasers, are dependent on the efforts of KAKM

or Defendant's agent to make a profit.

61.    The Plaintiffs are subject to financial loss.

**WHEREFORE**, Plaintiffs demand judgment against KAKM for revocation of the

Contracts for Purchase and Sale, and against KAKM, VINOD KALIDAS, NIRMAKSEE

KALIDAS, and ARTI V. KALIDAS, jointly and severally, for $635,918.65 plus other

damages, together with pre-judgment interest, costs, and such further relief as this Court

deems just and proper.

### COUNT III – VIOLATION OF FLORIDA STATUTES CHAPTER 517 FLORIDA SECURITIES AND INVESTOR PROTECTION ACT

62.    Paragraphs 1 through 26 and 43 through 61 are realleged as though fully set

forth herein.

63.    The Contracts for Purchase and Sale are each a security as defined by

Florida Statutes § 517.021(21)(q) of Florida Statutes Chapter 517 (the "Florida Act").

64.    KAKM is a person for purposes of the Florida Act.

65.    KAKM is an issuer for purposes of the Florida Act.

66.    The Florida Act is to be given a broad and liberal interpretation to

effectuate its purpose of protecting the public.

67.    Pursuant to Florida Statutes § 517.07, unless a security is exempt or registered, a security shall not be sold or offered for sale within the State of Florida.

68.    Pursuant to Florida Statutes § 517.07, unless a security is exempt or a prospectus meeting the requirements of rules adopted by the commission are furnished to the purchaser prior to each sale, a security shall not be sold or offered for sale within the State of Florida.

69.    The Contracts for Purchase and Sale are not exempt from the requirements of Florida Statutes Chapter 517 and the burden of establishing the right to any exemption is upon KAKM.

70.    KAKM failed to register the Contracts for Purchase and Sale as required by Florida Statutes Chapter 517.

71.    KAKM failed to secure a permit to sell securities as required by Florida Statutes Chapter 517.

72.    Pursuant to Florida Statutes § 517.12(1), no issuer of securities shall sell or offer for sale any securities in or from offices in the State of Florida, by mail or otherwise, unless the person has been registered with the State of Florida Office of Financial Regulation pursuant to the Florida Act.

73.    Pursuant to Florida Statutes § 517.021(20), sale means any contract of sale of any investment, security, or interest in a security, for value.

74.    Pursuant to Florida Statutes § 517.211, every sale made in violation of Florida Statutes § 517.07 or 517.12(1), may be rescinded at the election of the purchaser

and each person making the sale and every director, officer, partner, or agent of or for

KAKM may be held jointly and severally liable to the Plaintiffs in an action for

rescission.

75.    KAKM has violated the Florida Act.

76.    Pursuant to Florida Statutes § 517.211(6), the Plaintiffs are entitled to an

award of reasonable attorneys fees.

77.    Pursuant to Florida Statutes § 517.241(3), the Plaintiffs are entitled to the

same civil remedies provided by the United States for the purchasers of securities,

including an award of interest.

**WHEREFORE**, Plaintiffs demand judgment against KAKM for revocation of the

Contracts for Purchase and Sale, and against KAKM, VINOD KALIDAS, NIRMAKSEE

KALIDAS, and ARTI V. KALIDAS, jointly and severally, for $635,918.65 plus other

damages, together with pre-judgment interest, costs, and such further relief as this Court

deems just and proper.

## <u>COUNT IV – VIOLATION OF FLORIDA STATUTES § 718.503</u>

78.    Paragraphs 1 through 26 and 94 through 117 are realleged as though fully

set forth herein.

79.    Pursuant to Florida Statutes § 718.103(23), a residential condominium is

defined as a condominium of two or more units, any of which are intended for use as a

private temporary or permanent residence.

80.    The Declaration of Condominium of Villas at Lake Eve, a Condominium

section 4.22 describes the condominium development as 192 units, of which 176,

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

including the Units, are residential units.

81.     The Department of Business and Professional Regulation Division of
Florida Land Sales, Condominiums, and Mobile Homes' Final Order BPR-99-06267
(Page 7), provides that a condominium containing units which are leased or rented on a
transient basis are included in the definition of residential condominium as set forth in
Florida Statutes § 718.103.

82.     The condominium development owned by KAKM, and which contains the
Units, is a residential condominium as defined by Florida Statutes § 718.103(23).

83.     Pursuant to Florida Statutes § 718.504, every developer of a residential
condominium which contains more than 20 residential units, shall prepare a prospectus or
offering circular.

84.     The condominium development owned by KAKM, and which contains the
Units, contains more than 20 residential units.

85.     Pursuant to Florida Statutes § 718.503(1)(b), a developer must deliver to a
prospective buyer the prospectus or disclosure statement with all exhibits.

86.     KAKM has violated Florida Statutes § 718.503 by failing to deliver a
prospectus or disclosure statement with all exhibits to the Plaintiffs.

87.     Pursuant to Florida Statutes § 718.503, a developer must deliver to a
prospective buyer any amendment which materially alters or modifies the offering in a
manner that is adverse to the buyer.

88.     Florida Statutes § 718.503 provides that until such time as the developer
has furnished the statutorily required documents to a purchaser who has entered into a

contract to purchase a residential unit, the contract may be voided and the purchaser is entitled to a refund of any deposits together with interest.

89.    Florida Statutes § 718.503 provides that once a developer has furnished the statutorily required documents to a purchaser who has entered into a contract to purchase a residential unit, the contract may be voided by the purchaser within 15 days after the date of receipt from the developer of any amendment which materially alters or modifies the offering in a manner that is adverse to the buyer.

90.    KAKM failed to provide the Plaintiffs with various statutorily required documents which materially alter or modify the offering in a manner that is adverse to the Plaintiffs.

91.    Despite Plaintiffs' delivery of timely, written notice to KAKM of the Plaintiffs' intention to cancel, KAKM has refused to acknowledge that the Contracts for Purchase and Sale are voided and has refused to authorize the release and return to the Plaintiffs of their deposit money totaling $635,918.65.

92.    Pursuant to Florida Statutes § 718.125, the Plaintiffs are entitled to an award of reasonable attorneys fees and costs.

**WHEREFORE,** Plaintiffs demand judgment against KAKM for rescission of the Contracts for Purchase and Sale, $635,918.65 plus other damages, together with attorneys fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## <u>COUNT V – VIOLATION OF FLORIDA STATUTES § 718.506</u>

93.    Paragraphs 1 through 26 and 79 through 92 are realleged as though fully set

forth herein.

94.    Prior to the Plaintiffs signing the Contracts for Purchase and Sale, KAKM published and provided to the Plaintiffs information that the Units square footage would be 713 square feet interior, 86 square feet balcony, for 799 total square feet, for a Primrose 1 bedroom/1 bath; 1092 square feet interior, 110 square feet balcony, for 1202 total square feet, for an Orchid 2 bedroom/2 bath; 1096 square feet interior, 110 square feet balcony, for 1206 total square feet, for an Orchid (HC) 2 bedroom/2 bath; 1096 square feet interior, 110 square feet balcony, for 1206 total square feet, for an Orchid (HCSHR) 2 bedroom/2 bath; 1172 square feet interior, 87 square feet balcony, for 1259 total square feet, for an Orchid Corner 2 bedroom/2 bath; 1357 square feet interior, 112 square feet balcony, for 1469 total square feet, for a Jasmine 3 bedroom/2 bath; 1357 square feet interior, 112 square feet balcony, for 1469 total square feet, for a Jasmine (HCSHR) 3 bedroom/2 bath as reflected in the Prospectus (Offering Circular), internet advertising material, brochures, and other materials provided to the Plaintiffs by KAKM.

95.    The square footage of the Units is a material statement or information because it goes to the very essence of the condominium Units, which entail the purchase of the right to exclusively occupy a certain area within the condominium building and do not include the exclusive ownership of any land associated with the condominium building.

96.    At the time that KAKM provided the information, it knew, or should have known, that the actual Units square footage would be significantly less.

97.    The Plaintiffs reasonably relied upon the material statement or information

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

regarding the Units square footage and, in reliance thereupon, paid deposits and entered

into the Contracts for Purchase and Sale to purchase the Units.

98.    The Units square footage representations made by KAKM to the Plaintiffs

were false and misleading because the actual Units square footage is less than represented

by KAKM.

99.    Prior to the Plaintiffs signing the Contracts for Purchase and Sale, KAKM

published and provided to the Plaintiffs information regarding various aspects of the

condominium building and Units as reflected in internet advertising material, brochures,

and other materials provided to the Plaintiffs by KAKM.

100.    The referenced representations and information include, but are not limited

to, the following.

101.    The development housing the Units would include an oversized, heated

pool approximately 2,729 square feet in size with a shallow end depth of three feet and a

maximum deep end depth of five feet.

102.    The development housing the Units would include an approximately 4,418

square foot pool deck.

103.    The development housing the Units would include an approximately 144

square foot children's wading pool.

104.    The development housing the Units would include an approximately 64

square foot spa.

105.    The development housing the Units would include a children's pool and

activity area.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

106.    The development housing the Units would include a fitness center.

107.    The development housing the Units would include men's and women's saunas.

108.    The development housing the Units would include a full service, casual restaurant and outdoor bar and grill.

109.    The development housing the Units would include over 900 square feet of convention and meeting space and specialized staff.

110.    The development housing the Units would include a resort gift and sundry shop offering the finest selection of souvenirs and sundry items.

111.    The development housing the Units would include a game room.

112.    The development housing the Units would include valet laundry services.

113.    Each Unit would be subject to a monthly assessment of $257.28, $394.05, $395.49, $395.49, $422.91, $489.67 or $489.67, depending on whether it was a Primrose, Orchid, Orchid (HC), Orchid (HCSHR), Orchid Corner, Jasmine or Jasmine (HCSHR) unit, respectively.

114.    The referenced matters are material statements or information because they pertain to the Plaintiffs' financial, ownership, use and other rights and obligations upon closing on the purchase of the Units.

115.    At the time that KAKM provided the information, it knew, or should have known, that the information was false and would be changed as reflected in the amendments and changes made by KAKM and the actual square footage and amenities as built.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

116.    The Plaintiffs reasonably relied upon the material statement or information regarding the Units square footage, building amenities square footage and capacity, use rights and other representations and, in reliance thereupon, paid deposits and entered into the Contracts for Purchase and Sale to purchase the Units.

117.    At the time that the Defendant provided the information regarding the Units square footage, building amenities square footage and capacity, use rights and other representations, it knew, or should have known, that the actual square footage and capacity, use rights and other representations were materially and adversely different.

118.    Pursuant to Florida Statutes § 718.506, any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials, including, but not limited to, a prospectus, the items required as exhibits to a prospectus, brochures, and newspaper advertising, pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

119.    Pursuant to Florida Statutes § 718.506(2), the Plaintiffs are entitled to an award of reasonable attorneys fees and costs.

120.    Plaintiffs have paid deposits totaling $635,918.65.

**WHEREFORE,** Plaintiffs demand judgment against KAKM for rescission of the Contracts for Purchase and Sale, $635,918.65 plus other damages, together with pre-judgment interest, costs, and such further relief as this Court deems just and proper.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

## <u>COUNT VI – VIOLATION OF FLORIDA STATUTES § 501.201 ET SEQ</u>

121.    Paragraphs 1 through 120 are realleged as though fully set forth herein.

122.    This count is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201 et seq ("FDUTPA").

123.    Pursuant to Florida Statutes § 501.202, FDUTPA is to be construed liberally to, inter alia, promote the policies of simplifying, clarifying and modernizing the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices, as well as to protect the consuming public and to make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

124.    Pursuant to Florida Statutes § 501.203(3)(c), a violation of any law, statute, rule, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices is a per se violation of FDUTPA.

125.    As set forth in *Trotta v. Lighthouse Point Land Company, LLC*, 551 F. Supp. 2d 1359, 1367 (S.D. Fla. 2008), a violation of ILSFDA is a per se violation of FDUTPA.

126.    Because KAKM has violated ILSFDA, it has violated FDUTPA.

127.    The Securities Act of 1933, similar to ILSFDA, was enacted by the United States legislature to protect the public, as such, a violation of the Securities Act of 1933 is a per se violation of FDUTPA.

128.    Because KAKM has violated the Securities Act of 1933, it has violated FDUTPA.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

129.    Florida Statutes Chapter 517, similar to the Securities Act of 1933, was enacted by the Florida legislature to protect the public, as such, a violation of Florida Statutes Chapter 517 is a per se violation of FDUTPA.

130.    Because KAKM has violated Florida Statutes Chapter 517, it has violated FDUTPA.

131.    As set forth in *Asbury Arms Development Corporation v. Florida Department of Business Regulations, Division of Florida Land Sales and Condominiums*, 456 So. 2d 1291, 1293 (Fla. 2d DCA 1984), the Florida legislature enacted Florida Statutes Chapter 718 to protect the public, as such, a violation of Florida Statutes Chapter 718, and specifically Florida Statutes §§ 718.503 or 718.506, is a per se violation of FDUTPA.

132.    Because KAKM has violated Florida Statutes Chapter 718, it has violated FDUTPA.

133.    Pursuant to Florida Statutes § 501.211(1), without regard to any other remedy or relief to which the Plaintiffs are entitled, the Plaintiffs may bring an action to enjoin KAKM from violating FDUTPA.

134.    Pursuant to FDUTPA, the Plaintiffs are entitled to equitable relief in the form of rescission of the Contracts for Purchase and Sale and enjoinment of KAKM from enforcing any terms of the Contracts for Purchase and Sale.

135.    Pursuant to FDUTPA, the Plaintiffs are entitled to a declaratory judgment that KAKM has violated FDUTPA and that KAKM's failure to comply with ILSFDA, the Securities Act of 1933, Florida Statutes Chapter 517 and Florida Statutes Chapter 718

constitute violations of FDUTPA.

136.    Pursuant to Florida Statutes § 501.211(2), the Plaintiffs are entitled to recover from KAKM their actual damages plus attorneys fees and court costs.

**WHEREFORE,** Plaintiffs demand judgment against KAKM for rescission of the Contracts for Purchase and Sale, $635,918.65 plus other damages, together with pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT VII – BREACH OF CONTRACT

137.    Paragraphs 1 through 26 are realleged as though fully set forth herein.

138.    Plaintiffs signed the Contracts for Purchase and Sale, which are attached hereto as Exhibits 1 through 3.

139.    Pursuant to section 22 of the Contracts for Purchase and Sale:

22.    OFFER.    This Contract, as executed by Purchaser, shall constitute an offer to Seller.    Seller may accept Purchaser's offer by delivering to Purchaser at least one (1) fully executed original of this Contract bearing the signature of one (1) authorized representative of Seller prior to the time that Purchaser shall notify Seller, in writing, of Purchaser's revocation of this offer.

140.    Prior to KAKM's acceptance of Plaintiffs' offers, Plaintiffs provided KAKM with written notification of Plaintiffs' revocation of the offers.

141.    KAKM has failed or refused to comply with the Contracts for Purchase and Sale's terms and to acknowledge that the Contracts for Purchase and Sale are null and void.

142.    Despite demand for the return of all deposits paid by the Plaintiffs, KAKM has failed or refused to do so.

143.    Sections 14 and 29 of the Contracts for Purchase and Sale provide that Plaintiffs may void and cancel the Contracts for Purchase and Sale within 15 days after the date of execution of the Contracts for Purchase and Sale and receipt by the Plaintiffs of all of the items required to be delivered to Plaintiffs by KAKM under Florida Statutes 718.503.

144.    Sections 14 and 29 of the Contracts for Purchase and Sale provide that Plaintiffs may void and cancel the Contracts for Purchase and Sale within 15 days after the date of receipt from KAKM of any amendments which materially alter or modify the offering in a manner that is adverse to the Plaintiffs.

145.    KAKM materially breached the Contracts for Purchase and Sale, thereby excusing any further performance by the Plaintiffs, by failing to provide the items required to be delivered to Plaintiffs by KAKM under Florida Statutes 718.503 and/or failing to deliver to Plaintiffs amendments which materially alter or modify the offering in a manner that is adverse to the Plaintiffs.

146.    Section 5 of the Contracts for Purchase and Sale provides that Plaintiffs shall not be obligated to close on the purchase of the Units until KAKM has recorded the Declaration of Condominium and related documents in the public record and has obtained a temporary or permanent certificate of occupancy for or covering the Common Elements of the Condominium and the Units from the proper government agency.

147.    KAKM materially breached the Contracts for Purchase and Sale by failing to comply with its obligations under the Contracts for Purchase and Sale, which were conditions precedent to the Plaintiffs' obligation to close on the purchase of the Units.

148.    Section 7 of the Contracts for Purchase and Sale provides that if KAKM defaults under any of the provisions of the Contracts for Purchase and Sale, then the Plaintiffs have the right to terminate the Contracts for Purchase and Sale and to recover Plaintiffs' deposits, any interest earned thereon and reimbursement of actual, reasonable third party expenses.

149.    Plaintiffs have paid deposits totaling $635,918.65.

150.    Pursuant to section 7 of the Contracts for Purchase and Sale, and Florida Statutes § 57.105(7), the Plaintiffs are entitled to recover Plaintiffs' attorneys fees and costs from KAKM.

**WHEREFORE**, Plaintiffs demand judgment against KAKM for revocation of the Contracts for Purchase and Sale, $635,918.65 plus other damages, together with pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT VIII – UNJUST ENRICHMENT

151.    Paragraphs 1 through 26, 138 through 150 and 174 through 186 are realleged as though fully set forth herein.

152.    KAKM and TitleConcepts, LLC, jointly and severally, knowingly and voluntarily accepted, received and retained the $635,918.65 in deposits paid by the Plaintiffs.

153.    KAKM and TitleConcepts, LLC, jointly and severally, accepted the Plaintiffs' $635,918.65 in deposits with the understanding that the funds were being provided by Plaintiffs as a deposit in the event that KAKM accepted the Contracts for Purchase and Sale prior to revocation by the Plaintiffs.

154.    Despite demand by Plaintiffs upon KAKM and TitleConcepts, LLC, for the return of the funds, KAKM and TitleConcepts, LLC, have failed or refused to return the funds to the Plaintiffs.

155.    Under the circumstances it would be inequitable for KAKM or TitleConcepts, LLC, to retain the Plaintiffs' funds.

156.    The value of the Plaintiffs' funds is $635,918.65.

**WHEREFORE**, Plaintiffs demand judgment against KAKM and TitleConcepts for $635,918.65, plus pre-judgment interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IX – EQUITABLE LIEN

157.    Paragraphs 1 through 156 are realleged as though fully set forth herein.

158.    Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.  *Butner v. United States*, 440 U.S. 48 (1979)

159.    Pursuant to 11 U.S.C. § 541(d), the bankruptcy estate cannot succeed to a greater interest in property than KAKM held prior to the bankruptcy.

160.    The Plaintiffs are entitled to recover their entire deposits paid, plus attorneys fees, costs and interest, pursuant to the Contracts for Purchase and Sale.

161.    None of the Plaintiffs have closed on any of the sales contemplated by the Contracts for Purchase and Sale.

162.    A portion of the Plaintiffs' deposits was released to KAKM and, pursuant to the Contracts for Purchase and Sale terms, utilized for costs related directly to the construction of the building housing the Units.

163.    SunTrust was aware of and had actual notice of the deposits paid by the Plaintiffs.

164.    SunTrust had constructive notice of the deposits paid by the Plaintiffs.

165.    SunTrust conditioned its loan to KAKM on the payment of deposits by the Plaintiffs and other purchasers.

166.    On June 21, 2007, SunTrust entered into a Mortgage, Assignment of Rents and Security Agreement with KAKM (the "SunTrust Mortgage"), a copy of the SunTrust Mortgage, which was recorded in the official records in and for Orange County, Florida, on June 22, 2007, is attached hereto as Exhibit 5.

167.    The SunTrust Mortgage was made after the Plaintiffs' deposits were released to KAKM.

168.    The SunTrust Mortgage loan proceeds were paid to, or on behalf of, KAKM after the Plaintiffs' deposits were released to KAKM.

169.    The SunTrust Mortgage was recorded in the official records on or after June 22, 2007.

170.    The Plaintiffs are entitled to an equitable lien on the real property and improvements to the real property owned by KAKM, including, without limitation, that described in the SunTrust Mortgage and Exhibit "A" thereto.

171.    The SunTrust Mortgage, and any subsequent SunTrust mortgage or other interest, is inferior to the equitable lien of the Plaintiffs.

172.    It would be unjust and inequitable to allow the SunTrust Mortgage to be superior to the pre-SunTrust Mortgage paid and disbursed Plaintiffs' deposit funds, which

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

were used in the actual development and construction of the building housing the Units.

**WHEREFORE,** Plaintiffs demand judgment against SunTrust finding and adjudicating that the Plaintiffs hold an equitable lien on the real property owned by KAKM in the amount of $635,918.65, plus other damages, together with attorneys fees and costs, pre-judgment interest, costs, which is superior to the SunTrust Mortgage and any other SunTrust mortgage or lien interest, and granting the Plaintiffs such further relief as this Court deems just and proper.

## <u>COUNT X – DECLARATORY RELIEF</u>

173.    Paragraphs 1 through 172 are realleged as though fully set forth herein.

174.    This count is brought pursuant to Florida Statutes Chapter 86.

175.    The Plaintiffs' deposits paid pursuant to the Contracts for Purchase and Sale are not property of the bankruptcy estate or KAKM.

176.    Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. *Butner v. United States*, 440 U.S. 48 (1979)

177.    Pursuant to 11 U.S.C. § 541(d), the bankruptcy estate cannot succeed to a greater interest in property than KAKM held prior to the bankruptcy.

178.    Under Florida law legal title to the Plaintiffs' deposits paid pursuant to the Contracts for Purchase and Sale remains with the Plaintiffs until closing on the purchase of the Units.

179.    None of the Plaintiffs have closed on any of the sales contemplated by the Contracts for Purchase and Sale.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

180.    The Plaintiffs are entitled to recover their entire deposits paid, plus attorneys fees, costs and interest, pursuant to the Contracts for Purchase and Sale.

181.    Pursuant to the Contracts for Purchase and Sale, TitleConcepts, LLC, as escrow agent, is holding all, or a portion totaling no less than 10 percent of the purchase price set forth in each Contract for Purchase and Sale, of the Plaintiffs' deposits totaling $635,918.65.

182.    For the multiple reasons set forth in the counts contained in this lawsuit, the Plaintiffs maintain they are entitled to the immediate return of all funds being held by TitleConcepts, LLC, on their behalf and/or in connection with the Contracts for Purchase and Sale.

183.    Despite demand upon KAKM and TitleConcepts, LLC, to return the funds being held by or entrusted to TitleConcepts, LLC, KAKM and TitleConcepts, LLC, have failed or refused to return such funds to the Plaintiffs.

184.    Pursuant to section 7 of the Contracts for Purchase and Sale, and Florida Statutes § 57.105(7), the Plaintiffs are entitled to recover Plaintiffs' attorneys fees and costs from KAKM.

185.    To the extent that any of the Plaintiffs' deposits were released to KAKM, they were utilized only for costs related directly to the purchase and construction of the building housing the Units.

186.    The Plaintiffs paid the deposits prior to the SunTrust Mortgage.

**WHEREFORE**, Plaintiffs demand a declaratory judgment as follows:

1)  the Contracts for Purchase and Sale are null, void and/or of no force because

they were never accepted by KAKM, and are otherwise properly rescinded and revoked;

2)  the Plaintiffs' deposits paid pursuant to the Contracts for Purchase and Sale are the property of the Plaintiffs and not KAKM or the bankruptcy estate;

3)  the Plaintiffs are entitled to the return of the full deposits of $635,918.65 plus any interest accrued on said amount and, alternatively, a minimum of the ten percent (10%) of the purchase price set forth in each Contract for Purchase and Sale being held in escrow by TitleConcepts, LLC, plus any accrued interest;

4)  TitleConcepts is liable for, and shall immediately pay over to the Plaintiffs, any of the Plaintiffs' deposits funds and interest thereupon, which amounts shall be immediately released to Plaintiffs via payment to "Urban Thier Federer & Jackson, P.A. - Trust Account;"

5)  the SunTrust Mortgage is inferior to the equitable lien of the Plaintiffs for, at a minimum, the full amount of the deposits paid by the Plaintiffs pursuant to the Contracts for Purchase and Sale, less those amounts recovered from TitleConcepts, LLC;

6)  SunTrust holds a mortgage lien or mortgage liens, if any, that is inferior to the equitable lien of the Plaintiffs for, at a minimum, the full amount of the deposits paid by the Plaintiffs pursuant to the Contracts for Purchase and Sale, less those amounts recovered from TitleConcepts, LLC; and

7)  Plaintiffs are entitled to the immediate return of their full deposits plus any interest accrued on said amount, plus attorneys fees, costs, interest, and any other relief this Court may deem just and proper.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

Respectfully submitted,

/s/ John L. Urban
John L. Urban, Esq.
Fla. Bar No. 0175307
Attorney for Plaintiffs
**URBAN THIER FEDERER & JACKSON, P.A.**
200 S. Orange Avenue, Suite 2025
Orlando, Florida  32801
Tel.    407-245-8352
Fax.    407-245-8361
Email:  urban@urbanthier.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. Mail or electronic mail on December 21, 2009 to:

Elizabeth A. Green, Esq.
Baker & Hostetler LLP
P.O. Box 112
Orlando, Florida 32802-0112
(counsel for Debtor)

L. William Porter, III, Esq.
Lowndes Drosdick Doster Kantor & Reed P.A.
Post Office Box 2809
Orlando, FL 32802
(counsel for Defendant Titleconcepts, LLC)

Jules S. Cohen, Esq.
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802
(counsel for Defendant SunTrust Bank)

Marty James Solomon, Esq.
Carlton Fields, P.A.
Post Office Box 3239
Tampa, FL 33601-3239
(counsel for Defendant SunTrust Bank)

Peter N. Hill, Esq.
Wolff Hill McFarlin & Herron P.A.
1851 West Colonial Drive
Orlando, FL 32804
(counsel for Defendants V., N., and A. Kalidas)

/s/ John L. Urban_____
John L. Urban, Esq.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361